475 S.E.2d 132

George McGUIRE and Judith
McGuire, Plaintiffs,

v.

Robert P. FITZSIMMONS and
Fitzsimmons and Parsons,
L.C., Defendants.

No. 23180.

Supreme Court of Appeals of
West Virginia.

Submitted Feb. 27, 1996.

Decided July 17, 1996.

Allan N. Karlin, Jack S. Kaplan, Morgantown, for plaintiffs.

Herbert G. Underwood, Jill Oliverio Florio, Steptoe & Johnson, Clarksburg, for defendants.

Philip C. Petty, Rose, Padden & Petty, Fairmont, for defendants.

McHUGH, Chief Justice:

This case addresses a certified question from the Circuit Court of Monongalia County concerning the venue of the circuit court under *W.Va.Code*, 56–1–1(a)(1) [1986]. *See* syllabus pt. 3, *Bass v. Coltelli*, 192 W.Va. 516, 453 S.E.2d 350 (1994); *see also W.Va. R.App.P.* 13 [1995] and *W.Va.Code*, 58–5–2 [1967] for proceedings for certified questions. The plaintiffs in this legal malpractice case are George McGuire and Judith McGuire, and the defendants are Robert P. Fitzsimmons and Fitzsimmons and Parson, L.C. The certified question concerns where, in a legal malpractice case, the "cause of action" arises to render venue proper under *W.Va. Code*, 56–1–1(a)(1) [1986].

I.

FACTS

Mr. and Mrs. McGuire filed a suit in Monongalia County seeking damages in a legal malpractice action against their former attor-

ney, Mr. Fitzsimmons and his firm.[1] The McGuires, residents of Monongalia County, contacted Mr. Fitzsimmons, a resident of Ohio County, for advice and counsel regarding a possible medical malpractice action in Monongalia County against an optometrist. The parties met once in January 1991, at Mr. Fitzsimmons' office in Ohio County. Between January 1991 and September 25, 1992, the parties communicated by telephone and in writing, from their respective home counties, regarding the proposed lawsuit.

On September 24, 1992, Mr. Fitzsimmons telephoned the McGuires and informed them that he would not be able to represent them. In a letter dated September 25, 1992 sent to the McGuires, Mr. Fitzsimmons confirmed that conversation. Enclosed with the confirmation letter was a draft of a complaint, which Mr. Fitzsimmons prepared for possible filing by the McGuires in Monongalia County.[2] On September 28, 1992, the McGuires filed the complaint; however, by order entered on October 27, 1993, the McGuires' medical malpractice case was dismissed as untimely filed because it was barred by the applicable statute of limitation.

The McGuires then filed this legal malpractice action in Monongalia County against defendants alleging: (1) Mr. Fitzsimmons failed to investigate properly and to pursue their medical malpractice claim in a timely fashion; (2) Mr. Fitzsimmons failed to determine the applicable statute of limitation, thereby causing the complaint to be filed in an untimely manner; (3) Mr. Fitzsimmons' acts and omissions were negligent; and (4) as a direct and proximate cause of Mr. Fitzsimmons' negligence, the McGuires were barred from pursuing their medical malpractice suit.

■ Alleging improper venue in Monongalia County, the defendants moved to dismiss this legal malpractice complaint.[3] The Circuit Court of Monongalia County, finding venue proper, denied the defendants' motion to dismiss and upon motion by the defendants, certified the following question to this Court:

> Do plaintiffs, suing their former attorneys in tort for legal malpractice, establish proper venue based upon where the cause of action arose under W.Va.Code 56–1–1(a)(1) in the county in which: (1) the defendants allegedly failed to timely file a lawsuit on behalf of plaintiffs; (2) the plaintiffs reside and sustained their injuries; and (3) the plaintiffs received phone calls, correspondence, and a pro se complaint from the defendants?

We agree with the circuit court that venue is proper in Monongalia County, and based on the reasons discussed below, we answer the certified question affirmatively.

1. Robert Fitzsimmons' law firm, Fitzsimmons & Parsons, L.C., was also named as a party to the suit. Fitzsimmons & Parsons, L.C., is a corporation with its principal place of business in Ohio County. Except for a period of approximately one year around 1991 when Fitzsimmons & Parsons had an additional office in Martinsburg, the law firm has had no offices outside of Ohio County.

2. In their complaint against the defendants, the McGuires allege that at the time Mr. Fitzsimmons sent the drafted complaint to the McGuires, the statute of limitations had already expired.

3. Defendants also filed a motion to transfer pursuant to W. Va.Code, 56–1–1(b) [1986]. No ruling has been made on the motion to transfer, and it is not an issue before this Court. A motion to transfer may be made pursuant to W. Va.Code, 56–1–1(b) [1986], which provides:

> Whenever a civil action or proceeding is brought in the county wherein the cause of action arose, under the provisions of subsection (a) of this section, if no defendant resides in such county, a defendant to the action or proceeding may move the court before which the action is pending for a change of venue to a county wherein one or more of the defendants resides, and upon a showing by the moving defendant that the county to which the proposed change of venue would be made would better afford convenience to the parties litigant and the witnesses likely to be called, and if the ends of justice would be better served by such change of venue, the court may grant such motion.

W.Va.Code, 56–1–1(b) [1986], "is the exclusive authority for a discretionary transfer or change of venue and any other transfer or change of venue from one county to another within West Virginia that is not explicitly permitted by the statute is impermissible and forbidden." Syllabus, *State ex rel. Riffle v. Ranson*, 195 W.Va. 121, 464 S.E.2d 763 (1995). *See State ex rel. Smith v. Maynard*, 193 W.Va. 1, 454 S.E.2d 46 (1994) for a discussion of *W.Va.Code*, 56–1–1(b) [1986].

## II.

## DISCUSSION

■ *W.Va.Code,* 56–1–1(a) [1986], our general venue statute, provides: "Any civil action or other proceeding, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county: (1) Wherein any of the defendants may reside *or the cause of action arose...*." (emphasis added.) Because Mr. Fitzsimmons does not reside in Monongalia County, for venue to be proper the cause of action must arise in Monongalia County.[4] In the case before us, the McGuires filed suit in Monongalia County, reasoning that at least a part of their cause of action arose in that county. The McGuires maintain that because elements of their cause of action occurred in both Monongalia and Ohio Counties, venue was proper in either county. However, the defendants argue that because the alleged cause of action arose solely in Ohio County, venue is proper only in Ohio County.

### A.

### *Proper Venue in a Legal Malpractice Action*

We have not previously had the opportunity to discuss where venue is proper in a legal malpractice action. In a legal malpractice action, there are two suits: the malpractice against the lawyer and the underlying suit for which the client originally sought legal services, which may be considered a "suit within a suit." The first question to be addressed is whether the term "cause of action" in *W.Va.Code,* 56–1–1(a) [1986] refers to the legal malpractice suit or to the underlying suit.

Mr. Fitzsimmons contends the term "cause of action" refers to the legal malpractice action and the McGuires do not challenge this characterization. The Michigan Supreme Court recently reviewed the same issue in *Coleman v. Gurwin,* 443 Mich. 59, 503 N.W.2d 435 (1993). In *Coleman,* the client, a resident of Washtenaw County, met with Attorney Gurwin in Oakland County regarding a wrongful discharge suit arising out of Wayne County. The attorney told the client that his claim was not meritorious; after the statute of limitations had expired on the wrongful discharge suit, the client brought a legal malpractice action against the attorney in Wayne County. The attorney argued that venue was only proper in a county where the legal malpractice action arose, either Washtenaw County, where the client resided and the damages occurred, or Oakland County, where the legal representation began, but not Wayne County, where the wrongful discharge suit arose. The Michigan Supreme Court agreed and found venue proper where the legal malpractice action arose, reasoning that the underlying suit on which the legal malpractice action is based is not part of, in and of itself, the second or legal malpractice suit and therefore does not control a malpractice suit. Venue is based on where the alleged negligence occurred in the legal malpractice suit and not the underlying suit. In determining where the cause of action arose in the legal malpractice suit, the Michigan Court found that the attorney-client relationship was established in Oakland County; that legal advice was drafted and mailed in Oakland County and received in Washtenaw County; and that the statute of limitations ran while plaintiff resided in Washtenaw County. The Michigan Court concluded that venue was not proper in Wayne County because a "legal malpractice action arises solely in the county where the allegedly negligent legal representation occurred." *Id.,* 443 Mich. at 66, 503 N.W.2d at 438.

However, several other states based their determination of proper venue on where the underlying suit arose. *See Rouse Mechanical, Inc. v. Dahl,* 489 N.W.2d 272 (Minn.App. 1992) ("The trial court was not clearly required to change venue to county of defendant's residence, when defendant was alleged to have committed malpractice by failing to serve mechanic's lien statement upon proper-

---

4. If in this case the cause of action arose in Monongalia County, venue is proper against the defendant corporation under syllabus point 2 of *Banner Printing Co. v. Bykota Corp.,* 182 W.Va. 488, 388 S.E.2d 844 (1989), which states: "Under *W. Va.Code,* 56–1–1(a) [1986], venue of an action against a corporate defendant lies in the county where the cause of action arises, in addition to those locations specified in *W. Va.Code,* 56–1–1(a)(2)."

ty owner [in the county] where suit was brought."). *See also Ebell v. Seapac Fisheries, Inc.*, 692 P.2d 956 (Alaska 1984) (venue is proper in the district in which the "claim arose," which is the place of plaintiff's injury) and *Weiner v. Prudential Mortgage Investors, Inc.*, 557 So.2d 912 (Fla.App.1990) (venue for legal malpractice action is where services were to be performed, that is, where the suit was to be filed); *Ivey v. Padgett*, 502 So.2d 22 (Fla.App.1986); *Johnson v. Nelson*, 275 N.W.2d 427 (Iowa 1979) (venue is proper where the defendant attorney resides or where the underlying suit was dismissed).

■ Because *W. Va.Code*, 56–1–1(a) [1986] allows a suit to be brought where "the cause of action arose," we find that in a legal malpractice suit the "cause of action" refers to the present, that is the legal malpractice suit, and not to the past or the underlying suit. We agree with the Michigan Supreme Court's finding that a "legal malpractice action arises solely in the county where the allegedly negligent legal representation occurred." *Coleman*, 443 Mich. at 66, 503 N.W.2d at 438.

We must now consider where this legal malpractice action arose in order to determine proper venue under *W.Va.Code*, 56–1–1(a) [1986].

### B.

*Is venue proper in more than one county?*

The central issue in this case is whether a cause of action in a legal malpractice suit can accrue in more than one county for purposes of establishing venue. The plain language of *W. Va.Code*, 56–1–1(a)(1) [1986] does not limit the venue to one county but provides at least two possible justifications for proper venue: either the residence of the defendants or where the "cause of action arose." *See supra* section II for text of *W. Va.Code*, 56–1–1(a)(1) [1986]. Subsection (b) of the statute allows for the transfer of venue when venue is based on where the "cause of action arose" under subsection (a), thereby recognizing that venue is proper in more than one county. *See* note 3 for text of *W. Va.Code*, 56–1–1(b) [1986].

■ In contract cases, this Court recognized that venue may arise in more than one county because the elements of a contract case are divisible. Syllabus point 3 of *Wetzel County Savings and Loan Co. v. Stern Bros. Inc.*, 156 W.Va. 693, 195 S.E.2d 732 (1973) states:

The venue of a cause of action in a case involving breach of contract in West Virginia arises within the county: (1) in which the contract was made, that is, where the duty came into existence; or (2) in which the breach or violation of the duty occurs; or (3) in which the manifestation of the breach—substantial damage occurs.

In *Wetzel County*, we discussed the transitory nature of contracts and recognized that a cause of action may consist of more than one element and that these elements may occur severally and in different geographical locations. *Wetzel County Savings and Loan Co. v. Stern Bros.*, 156 W. Va. at 698, 195 S.E.2d at 736.

■ Based on the plain language of *W. Va.Code*, 56–1–1(a) [1986], we find that venue of a cause of action in a legal malpractice case in West Virginia arises within the county: (1) where the defendants reside; and (2), where the "cause of action" or a part of the "cause of action" arose. We note that in a legal malpractice case, the "cause of action" can arise in more that one county because portions of the conduct relating to the alleged legal malpractice can occur in more than one county. When a cause of action is divisible, then venue is proper where any portion of the conduct relating to the cause of action arose.

■ Although a legal malpractice suit is a tort and not an action in contract, the elements necessary to prevail in a legal malpractice action are divisible.[5] A plaintiff is required to prove: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) that such negligence re-

---

**5.** Our holding regarding proper venue for legal malpractice actions is based on the divisibility of the elements of such actions and does not necessarily apply to all tort actions, and we make no such determination by this holding.

sulted in and was the proximate cause of loss to the client. *Keister v. Talbott*, 182 W.Va. 745, 748–49, 391 S.E.2d 895, 898–99 (1990) (citations omitted).

█ Using *Wetzel County* as our guide, we find that venue arises in a legal malpractice action: (1) where the attorney's employment is contracted, that is, where the duty came into existence; or (2) where the breach or violation of the duty occurs; or (3) where the manifestation of the breach—substantial damage—occurs.

█ Mr. and Mrs. McGuire argue that venue is proper in Monongalia County because the breach of the attorney's duty occurred in both Monongalia and Ohio Counties, based on the communications between the parties, which occurred in both counties. In addition, venue in Monongalia County is proper because substantial damages were incurred when the McGuires lost the opportunity to litigate their suit and the resulting injuries to the McGuires occurred there.[6] *See Tucker v. Fianson*, 484 So.2d 1370 (Fla. App.1986) (holding that venue was proper, in a legal malpractice case, in the district where the plaintiff suffered injury, which includes where the economic damage was done).

In conclusion, we agree with the Florida District Court of Appeals in *Tucker v. Fianson*, because while Mr. Fitzsimmons' employment began in Ohio County, the alleged legal malpractice had no effect until the McGuires were damaged in Monongalia County by the failure to file timely the underlying medical malpractice suit.

### C.

### *Defendant Law Office*

█ Because we have concluded that venue is proper in Monongalia County with respect to Mr. Fitzsimmons, the lawyer, we need not address whether venue is proper with respect to Fitzsimmons & Parsons, L.C., which is a domestic corporation with its principal place of business in Ohio County.[7] "This Court follows the venue-giving defendant principle, whereby, once venue is proper for one defendant, it is proper for all other defendants subject to process." Syl. Pt. 1, *Staats v. Co–Operative Transit Co.*, 125 W.Va. 473, 24 S.E.2d 916 (1943); *McConaughey v. Bennett's Executors*, 50 W.Va. 172, 179, 40 S.E. 540, 541 (1901). *See also State ex rel. Kenamond v. Warmuth*, 179 W.Va. 230, 366 S.E.2d 738, 739–40 (1988). *See* note 4 discussing the application of the cause of action venue provision of *W. Va.Code*, 56–1–1(a)(1) [1986] to defendant corporations.

### III.

### CONCLUSION

In summary, we find that under *W. Va. Code*, 56–1–1(a)(1) [1986], when determining venue in a legal malpractice case, a circuit court can find venue proper based on where either the defendants reside or the cause of action for the legal malpractice suit arose. The circuit court may find venue to be proper in more than one county. Venue based on where the cause of action for the legal malpractice suit arose is proper in the following counties: (1) where the attorney's employment was contracted, that is, where the duty came into existence; or (2) where the breach or violation of the duty occurred; or (3) where the manifestation of the breach—substantial damage—occurred. Based on the above stated reasons, we answer the certified question in the affirmative.

6. In this case, the McGuires' damages were incurred in the same county where they attempted to file the underlying medical malpractice suit. However, venue is based not on the dismissal of the underlying suit (*see supra* sect. II.A.), but on the damages the McGuires sustained.

7. *See* Syllabus, *Brent v. Bd. of Trustees of Davis and Elkins College*, 163 W.Va. 390, 256 S.E.2d 432 (1979), a product liability case, which states:
    If a corporation has made a contract to be performed in whole or in part, by any party thereto, in a county; *has committed a tort in whole or in part in that county;* or, has manufactured, sold, offered for sale, or supplied any product in a defective condition and such product has caused injury to any person or property within that county, it is doing business there and the county's courts have venue to try suits against it which arise from or grow out of such contract, tort or manufacture, sale, offer for sale or supply of such defective product.
    (emphasis added).

The certified question having been answered, this case is dismissed from the docket of this Court and remanded to the Circuit Court of Monongalia County.

Certified Question Answered.