**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**September 2, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Charles V. Ballard,**
**Plaintiff Below, Petitioner**

**vs)   No. 15-0738** (Kanawha County 15-C-897)

**Bren J. Pomponio,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles V. Ballard, pro se, appeals the August 27, 2015, order of the Circuit Court of Kanawha County granting Respondent Bren J. Pomponio's motion to dismiss petitioner's legal malpractice action. Respondent, by counsel Benjamin Bailey, Isaac R. Foreman, and Maryl C. Sattler, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner retained respondent to sue Bank of America, N.A. ("the Bank"). Respondent, on behalf of petitioner, filed an action against the Bank in the Circuit Court of Kanawha County ("the circuit court"). Petitioner's complaint claimed breach of contract and violation of the West Virginia Consumer Credit and Protection Act, West Virginia Code §§ 46A-1-101 to 46A-8-102 ("WVCCPA"), regarding a promissory note and a deed of trust executed by his late mother on a property in Belle, West Virginia. Petitioner inherited the property at his mother's death. Attached to petitioner's complaint, respondent filed a stipulation signed by petitioner and respondent that states that petitioner was not seeking damages above $74,999.99.

However, after the Bank failed to appear in the case, respondent filed a motion for petitioner to be granted a default judgment in the total amount of $106,731. The circuit court granted the default judgment in the amount of $106,731 by an order entered March 19, 2012. Thereafter, the Bank made an appearance and removed the case to the United States District Court for the Southern District of West Virginia ("federal district court") on June 29, 2012. *See* 28

1

U.S.C. § 1332(a)(1) (providing that federal district court is vested with original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000).

On August 13, 2012, the Bank filed a motion to set aside petitioner's default judgment in the federal district court and argued that it had not been served with the complaint in accordance with Rule 4(d)(8) of the West Virginia Rules of Civil Procedure. The Bank also indicated that because the West Virginia Secretary of State was directed to send the complaint and summons to its Florida training facility, it did not learn of petitioner's civil action until May of 2012 after the circuit court had granted petitioner a default judgment against the Bank. In *Ballard v. Bank of America, N.A.*, Civil Action No. 2:12–2496, 2013 WL 1337356, at *3 (S.D. W.Va. March 29, 2013), *aff'd*, 578 Fed.Appx. 226 (4th Cir. 2014) (unpublished), the federal district court determined that service was defective pursuant to Rule 4(d)(8)(B) because the complaint and summons were not sent to the Bank's principal office in North Carolina. Accordingly, the federal district court granted the Bank's motion to set aside petitioner's default judgment. *Id.* at *4.

On June 25, 2013, the Bank filed a motion for summary judgment. On November 7, 2013, the federal district court entered an order finding that petitioner was not a party to the promissory note and the deed of trust on the property previously owned by his late mother and, therefore, petitioner did not qualify as a "consumer" under the WVCCPA. *See Ballard v. Bank of America, N.A.*, Civil Action No. 2:12–2496, 2013 WL 5963068, at *5-12 (S.D. W.Va. November 7, 2013), *aff'd*, 578 Fed.Appx. 226 (4th Cir. 2014) (unpublished). Accordingly, the federal district court granted the motion and awarded the Bank summary judgment in petitioner's action against it. *Id.* at *12.

Subsequently, on May 12, 2015, petitioner sued respondent in the circuit court for legal malpractice on the ground that respondent negligently allowed the Bank to be able to remove the underlying action. Respondent filed a motion to dismiss on June 11, 2015, and petitioner filed a response to that motion on June 29, 2015. Respondent filed a reply to petitioner's response on August 17, 2015, which referred to a purported amended complaint by petitioner. The record reflects that petitioner prepared an "amendment to original complaint," but never served it on respondent as an amended complaint. Regardless, in his amended complaint, petitioner merely reiterated his claim that respondent negligently allowed the Bank to be able to remove petitioner's action to the federal district court.

In ruling on respondent's motion to dismiss, the circuit court, assuming *arguendo* that respondent had been negligent, found that petitioner's allegations were not sufficient to show that respondent's negligence had caused him to lose his underlying action. The circuit court explained that, even if the Bank had not removed the prior action to the federal district court, the Bank would still have had petitioner's default judgment set aside and then prevailed on a motion for summary judgment. With regard to the default judgment, the circuit court noted that both Rules 55(c) and 60(b) of the of the West Virginia Rules of Civil Procedure provide for the setting aside of such judgments. With regard to the award of summary judgment, the circuit court found that petitioner lost in the federal district court because "he was not a party" to the promissory note and the deed of trust and, therefore, "did not have standing . . . to assert claims under the [WVCCPA]." (Footnote

omitted.). Accordingly, the circuit court concluded that "[petitioner] cannot prove by the facts alleged that [respondent's] negligence was the proximate cause" of petitioner losing his underlying action and dismissed petitioner's legal malpractice action.

Petitioner appeals the circuit court's August 27, 2015, order dismissing his legal malpractice action. We review a circuit court's dismissal of such an action de novo. *See* Syl. Pt. 2*, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to [the] plaintiff, and its allegations are to be taken as true." *Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978).

In Syllabus Point 1 of *Calvert v. Scharf*, 217 W.Va. 684, 619 S.E.2d 197 (2005), we held that "in a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff." In this case, respondent's employment by petitioner is undisputed and the circuit court assumed, *arguendo*, that respondent negligently allowed the Bank to be able to remove the underlying action. Thus, we address only the third element necessary to maintain a legal malpractice action in this appeal.

In Syllabus Point 3 of *Calvert*, we reiterated that "[i]n an attorney malpractice action, proof of the attorney's negligence alone is insufficient to warrant recovery; it must also appear that the client's damages are the direct and proximate result of such negligence." *Id.* at 685, 619 S.E.2d at 198 (Internal quotations and citations omitted.). We explained in *Calvert* that "[a] plaintiff must establish not only his or her damages, but must additionally establish that, but for the negligence of the lawyer, he or she would not have suffered those damages." *Id.* at 695, 619 S.E.2d at 208; *see also McGuire v. Fitzsimmons*, 197 W.Va. 132, 135, 475 S.E.2d 132, 135 (1996) ("In a legal malpractice action, there are two suits: the malpractice against the lawyer and the underlying suit for which the client originally sought legal services, which may be considered a 'suit within a suit.'").

Petitioner does not attempt to persuade us that his complaint set forth sufficient allegations to prevail in his "suit within a suit"; rather, petitioner asks us to ignore what occurred in his underlying action after the Bank removed it to the federal district court. Respondent counters that the federal district court's orders setting aside petitioner's default judgment and subsequently awarding summary judgment to the Bank show that any negligence on respondent's part did not cause petitioner to lose his prior action.[1] We agree with respondent.

---

[1]Respondent also notes, correctly, that the circuit court was able to take judicial notice of the proceedings in the federal district court without converting respondent's motion to dismiss into a motion for summary judgment because, in deciding such motions, a court is permitted to "consider matters that are susceptible to judicial notice." *Forshey v. Jackson*, 222 W.Va. 743, 747, 671 S.E.2d 748, 752 (2008) (Internal quotations and citations omitted.).

Petitioner contends that it is mere conjecture as to whether the Bank would have had petitioner's default judgment set aside and prevailed on a motion for summary judgment had his prior action remained in the circuit court. However, we agree with the circuit court's findings that Rules 55(c) and 60(b) of the West Virginia Rules of Civil Procedure provide for the setting aside of default judgments. We also find that petitioner does not dispute that the federal district court correctly found that service in the prior action was defective. Finally, we agree with the determinations of both the federal district court and the circuit court that petitioner's claims in the prior action failed as a matter of law because "he was not a party" to the promissory note and the deed of trust and, therefore, "did not have standing . . . to assert claims under the [WVCCPA]." Thus, we find that any negligence on respondent's part in allowing the Bank to remove the prior action to the federal district court was not the direct and proximate cause of petitioner losing his underlying case for a failure to effect proper service.

In *Calvert*, we found that a settlement effecting a cure of a defect in a will precluded a causal connection existing "between the attorney's negligence and any losses sustained by the [plaintiffs]" because, given the cure, the intended beneficiary received his bequest. 217 W.Va. at 696, 619 S.E.2d at 209. In the instant case, we similarly find that the Bank's actions preclude the existence of a causal connection because the Bank took those actions independent of any negligence on respondent's part. We also find that the one action the Bank took as a result of respondent's alleged negligence—removing petitioner's prior case—was irrelevant to the result reached in the underlying case. Accordingly, because petitioner's allegations are insufficient to show the third element necessary to maintain a legal malpractice action, we conclude that the circuit court did not err in granting respondent's motion to dismiss.

For the foregoing reasons, we affirm the circuit court's August 27, 2015, order dismissing petitioner's legal malpractice action.

Affirmed.

**ISSUED:** September 2, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Brent D. Benjamin

4