**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**John C. Scotchel, Jr.,**
**Plaintiff Below, Petitioner**

**vs.) No. 20-0635** (Harrison County 17-C-395-3)

**Thomas H. Fluharty,**
**Defendant Below, Respondent**

**AND**

**Thomas H. Fluharty,**
**Defendant Below, Petitioner**

**vs.) No. 21-0572** (Harrison County 17-C-395-3)

**John C. Scotchel, Jr.,**
**Plaintiff Below, Respondent**

**MEMORANDUM DECISION**

These consolidated appeals arise out of a civil action in which self-represented litigant John C. Scotchel, Jr., ("Plaintiff") sued Thomas H. Fluharty ("Defendant") in the Circuit Court of Harrison County for legal malpractice. In Appeal No. 20-0635, Plaintiff appeals (1) the circuit court's September 23, 2019, order awarding summary judgment to Defendant; and (2) the circuit court's July 28, 2020, order denying Plaintiff's motion to alter or amend the September 23, 2019, order. In Appeal No. 21-0572, Defendant appeals the circuit court's June 25, 2021, order denying his motion for attorney's fees and costs. Plaintiff filed a reply in No. 20-0635, and, Defendant, by counsel Robert L. Bays, filed a reply in No. 21-0572.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1]Co-counsel for Defendant in Appeal No. 20-0635 is Pamela J. Ferrell.

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's September 23, 2019, and July 28, 2020, orders, in Appeal No. 20-0635, and the circuit court's June 25, 2021, order, in Appeal No. 21-0572, is appropriate under Rule 21 of the Rules of Appellate Procedure.

Plaintiff is a disbarred attorney.[2] Defendant is a bankruptcy attorney, who represented Plaintiff in a bankruptcy proceeding.[3] *See In re Scotchel* ("*Scotchel I*"), 491 B.R. 739 (Bankr., N.D. W. Va. 2013). On January 5, 2012, Plaintiff filed a petition for bankruptcy, pursuant to Chapter 7 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of West Virginia. With Plaintiff's bankruptcy petition, Defendant, his counsel, filed a schedule of assets.

On Schedule B, "personal property," next to the box entitled "[o]ther contingent and unliquidated claims of every nature," Defendant listed a contingent fee agreement Plaintiff had with the law firm Bordas & Bordas ("B & B"). Defendant also listed the contingent fee agreement on Schedule C, as property Plaintiff wanted to claim as exempt from the bankruptcy estate and gave the agreement a nominal value of $1. The contingent fee agreement involved Plaintiff's client, Cindy Jo Falls, who was in an automobile accident and who retained Plaintiff to represent her in a personal injury action. Although that action was eventually dismissed in September of 1999, during the litigation, it became apparent that Ms. Falls had a first party bad faith settlement claim against her insurer, Allstate Insurance Co. Thereafter, on September 1, 2000, Plaintiff entered into the contingent fee agreement for B & B to prosecute the bad faith claim on behalf of Ms. Falls ("Falls case").

On the same day that Plaintiff's bankruptcy petition was filed, January 5, 2012, Allstate made its first offer to settle the bad faith claim in the Falls case. Thereafter, the parties in the Falls case agreed to a settlement on March 7, 2012. Pursuant to the contingent fee agreement in the Falls Case, the portion of the fee due to Plaintiff was $690,000. However, given Plaintiff's ongoing bankruptcy proceeding, B & B disbursed the $690,000 to Martin P. Sheehan, the Chapter 7 trustee, who held it in a trust account. Plaintiff and Mr. Sheehan disputed whether the $690,000 was included in the bankruptcy estate.

The bankruptcy court in *Scotchel I* found that the entirety of Plaintiff's $690,000 fee was included in the bankruptcy estate, finding that,

> [Plaintiff] did not participate in any of the settlement negotiations, mediation sessions, legal proceedings, or aid B & B in legal preparations after he filed for bankruptcy. Because [Plaintiff] did not perform any post[-]petition legal services, the court finds that his fee of $690,000 is entirely rooted in his pre-bankruptcy past.

---

[2] This Court annulled Plaintiff's license to practice law in *Lawyer Disciplinary Bd. v. Scotchel*, 234 W. Va. 627, 768 S.E.2d 730 (2014).

[3] Plaintiff's former wife was also a debtor in the bankruptcy proceeding.

491 B.R. at 744-45 (footnote omitted). Plaintiff argued in *Scotchel I* that the Falls Case contingent fee agreement was an executory personal service contract which Mr. Sheehan could not assume as Chapter 7 trustee. *Id.* at 746. While the bankruptcy court agreed with Plaintiff that the contingent fee agreement was an executory contract, the bankruptcy court determined that "whether such a contract is executory, or assumable by the [t]rustee, or even property of the estate, does not address whether the bankruptcy estate is entitled to any fees for prepetition legal services." *Id.* Accordingly, the bankruptcy court found that "whether a contingent fee contract is assumable under [Title 11, Section] 365 [of the United States Code] has no bearing on whether a debtor's right to future payment under the contract is property of the estate." *Id.* (internal quotations and citations omitted).

Plaintiff represented himself when he appealed the bankruptcy court's decision in *Scotchel I* because Mr. Fluharty declined to represent him in that appeal. In affirming the bankruptcy court's decision that the $690,000 fee was included in the bankruptcy estate, the United States District Court for the Northern District of West Virginia made similar rulings in *Scotchel v. Sheehan* ("*Scotchel II*"), No. 1:13CV161, 2014 WL 823379 (N.D. W. Va. 2014) (unpublished). The district court found that the bankruptcy court's determination that Plaintiff earned none of his fee in the Falls Case post-petition was not clearly erroneous. *Id.* at *6. The district court further found that the bankruptcy court properly determined that Plaintiff's $690,000 fee was included in the bankruptcy estate, agreeing with the distinction that the bankruptcy court made between "the assumption of executory contracts under § 365" and "the pre-petition fees to which the estate was entitled under [Title 11, Section] 541 [of the United States Code]." *Id.* at *5 (citation to the bankruptcy court's order omitted). Plaintiff appealed the district court's decision in *Scotchel II* to the United States Court of Appeals for the Fourth Circuit, which affirmed the district court's ruling. 585 Fed. Appx. 187 (4th Cir. 2014).

Thereafter, Plaintiff filed the instant legal malpractice action against Defendant in the Circuit Court of Harrison County, seeking damages in the amount of the $690,000 fee from the Falls Case that was included in the bankruptcy estate as result of the decisions in *Scotchel I* and *Scotchel II*. Plaintiff alleged that Defendant committed legal malpractice by (1) listing the Falls Case contingent fee agreement on Schedules B and C when it should have been placed on Schedule G, the schedule for executory contracts; (2) declining to represent Plaintiff in his appeal of the bankruptcy court's decision in *Scotchel I*; and (3) by choosing, in his capacity as Chapter 7 trustee in the unrelated *Coleman* bankruptcy proceeding, to retain Mr. Sheehan, the Colemans' counsel, to represent the bankruptcy estate in that proceeding at the same time as Defendant was representing Plaintiff in his bankruptcy proceeding (in which Mr. Sheehan was the Chapter 7 trustee) and not disclosing the same to Plaintiff. In addition to his legal malpractice claim, Plaintiff asserted the following claims against Defendant: breach of contract, violations of the West Virginia Rules of Professional Responsibility, breach of fiduciary duty, fraud/misrepresentation, and misappropriation of property.

Plaintiff did not retain an expert in support of his legal malpractice and other related claims. Defendant retained former bankruptcy judge Ronald G. Pearson to provide an expert opinion regarding Plaintiff's bankruptcy proceeding. Plaintiff deposed Defendant, Judge Pearson, and Mr. Sheehan, the Chapter 7 trustee in Plaintiff's bankruptcy proceeding. Defendant deposed Plaintiff.

3

Thereafter, at a March 21, 2019, final pretrial conference, the circuit court considered Defendant's motion for summary judgment. Plaintiff argued that he did not need an expert to support his claims because Defendant's malpractice and/or negligence was obvious. The circuit court rejected Plaintiff's argument, finding that, while expert testimony was not necessary in all legal malpractice cases, "this case is . . . of some complexity" and that "[t]he only person who feels that [Defendant] did something wrong is [Plaintiff]." In light of the circuit court's ruling, Plaintiff requested a continuance to obtain an expert, which the circuit court denied.

The circuit court, by order entered on September 23, 2019, granted Defendant's motion for summary judgment,[4] finding that, despite the labels Plaintiff put on them, each of his causes of action sounded in legal malpractice pursuant to Syllabus Point 1 of *Calvert v. Scharf*, 217 W. Va. 684, 619 S.E.2d 197 (2005). The circuit court further found that Defendant was entitled to summary judgment "based upon . . . Plaintiff's failure to produce expert testimony in support of his claims arising from the complex underlying bankruptcy litigation." Finally, the circuit court determined that Plaintiff could not prove his damages because the decisions in *Scotchel I* and *Scotchel II*, that the Falls Case fee agreement's status as an executory contract was irrelevant to whether his $690,000 fee from that case was included in the bankruptcy estate, constituted the law of the case.

On October 8, 2019, Plaintiff filed a motion to alter or amend the circuit court's September 23, 2019, order awarding summary judgment to Defendant. The circuit court, by order entered on July 28, 2020, denied the motion, rejecting Plaintiff's argument that it erred in finding that the decisions in *Scotchel I* and *Scotchel II* constituted the law of the case with regard to the instant legal malpractice action.[5]

---

[4]On February 11, 2019, Plaintiff filed a motion for partial summary judgment asking the circuit court to render a judgment in his favor as to "liability only for breach of contract and for the departure from good and accepted legal practice that proximately caused Plaintiff to suffer damages in [his] bankruptcy case." (Emphasis in original.). In its September 23, 2019, order granting Defendant's motion for summary judgment, the circuit court noted that it had reviewed Plaintiff's partial summary judgment motion. Accordingly, Plaintiff argues that, when the circuit court granted Defendant's motion for summary judgment, it effectively denied his partial summary judgment motion and asks us to review that denial. While ordinarily interlocutory in nature, "where . . . [an] order denying one party's motion for summary judgment simultaneously grants summary judgment to another party, such an order is final and appealable." *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 100, 576 S.E.2d 807, 827 (2002). Here, having found that the circuit court properly awarded Defendant summary judgment, *infra*, we find no error in its denial of Plaintiff's partial summary judgment motion.

[5]In addition to denying Plaintiff's motion to alter or amend the September 23, 2019, order on its merits, the circuit court also struck the motion from the record because his memorandum of law in support of the motion was over the page limit set forth in West Virginia Trial Court Rule 22.01. We do not review the circuit court's alternate disposition of the motion to alter or amend the September 23, 2019, order because, for the reasons expressed herein, we find that the circuit (continued . . .)

On August 10, 2020, Defendant filed a motion for attorney's fees and costs.[6] The circuit court, by order entered on June 25, 2021, denied Defendant's motion,[7] finding that there was "no credible evidence to show that Plaintiff pursued this action against Defendant in bad faith."

In Appeal No. 20-0635, Plaintiff appeals the circuit court's award of summary judgment to Defendant in his legal malpractice action.[8] Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." In Syllabus Point 1 of *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994), we held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." We have further held that,

> [a]lthough our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.

Syl. Pt. 3, *Fayette Cnty. Nat'l Bank v. Lilly*, 199 W. Va. 349, 484 S.E.2d 232 (1997), *overruled on other grounds*, *Sostaric v. Marshall*, 234 W. Va. 449, 766 S.E.2d 396 (2014).

On appeal, Plaintiff argues that the circuit court failed to set forth findings sufficient to allow this Court to review its award of summary judgment to Defendant because Plaintiff's civil action involved more than a legal malpractice claim. However, contrary to Plaintiff's argument, the circuit court addressed this issue by finding that, pursuant to Syllabus Point 1 of *Calvert*, each of his causes of action (despite the label given by Plaintiff) sounded in legal malpractice. In Syllabus Point 1 of *Calvert*, we held that, "in a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to

---

court properly denied the motion on its merits.

[6]Because Plaintiff filed his notice of appeal in Appeal No. 20-0635 on August 25, 2020, this Court subsequently remanded the case in No. 20-0635 to the circuit court for the limited purpose of consideration of Defendant's motion for attorney's fees and costs.

[7]The circuit court found that Defendant sought $92,608.33 in attorney's fees and costs.

[8]We consider the circuit court's denial of Plaintiff's motion to alter or amend the September 23, 2019, order together with its award of summary judgment to Defendant pursuant to Syllabus Point 1 of *Wickland v. American Travellers Life Insurance Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998), in which we held that the standard of review for the denial of a motion to alter or amend judgment filed pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure "is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed."

the plaintiff." 217 W. Va. at 685, 619 S.E.2d at 198. Based upon our review of the record, we find that all of Plaintiff's allegations against Defendant concerned Defendant's representation of Plaintiff in his bankruptcy proceeding.[9] Therefore, we concur with the circuit court's finding that Plaintiff's action involved allegations of legal malpractice governed by Syllabus Point 1 of *Calvert*.[10] *See Blankenship v. Ethicon, Inc.*, 221 W. Va. 700, 707-08, 656 S.E.2d 451, 458-59

---

[9]We note that we are not considering Plaintiff's claims for fraud/misrepresentation and misappropriation of property pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part:

> *Argument:* The brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The . . . Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Instead of arguing those claims, Plaintiff refers us to arguments he made in support of the claims before the circuit court. "Inasmuch as those matters were set forth in [Plaintiff]'s brief in a cursory or tangential manner, they are not cognizable in this appeal." *State v. Grimes*, 226 W. Va. 411, 422 n.5, 701 S.E.2d 449, 460 n.5 (2009). As we have repeatedly noted, "[j]udges are not like pigs, hunting for truffles buried in briefs." *State Dep't of Health and Human Res. ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (same).

Similarly, to the extent that Plaintiff argues that he lost an opportunity to inherit from his uncle's estate due to Defendant's alleged malpractice in his bankruptcy proceeding, we decline to address that claim, pursuant to Rule 10(c)(7), because Plaintiff mentions it only in passing. *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but [which] are not supported with pertinent authority, are not considered on appeal").

[10]We reject Plaintiff's argument that violations of the West Virginia Rules of Professional Responsibility constitute independent causes of action based upon our decision in *Rich v. Simoni*, 235 W. Va. 142, 772 S.E.2d 327 (2014). This Court in *Rich* merely stated that "we have no difficulty recognizing that the Rules of Professional Conduct may constitute statements of public policy which in turn may carry the equivalent force and effect as statutes." *Id.* at 149, 772 S.E.2d at 334. Far from declaring new causes of action, even as to whether any particular rule set forth public policy, we found in *Rich* that there must be a case-by-case determination "given that some of the rules are stated in mandatory terms while others are expressed in hortatory terms only." *Id.*

(2007) (affirming a circuit court's ruling that the plaintiffs in the *Blankenship* case asserted medical malpractice claims despite their labelling of the claims as "products" claims).

Pursuant to Syllabus Point 4 of *Painter*, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." *Id.* at 190, 451 S.E.2d at 756. There is no dispute that Plaintiff retained Defendant to represent him in his bankruptcy proceeding. As to the two remaining elements a plaintiff is required to establish under Syllabus Point 1 of *Calvert*, we find that, even if Plaintiff could prove his allegations of legal malpractice against Defendant (which we do not think he can[11]), any alleged legal malpractice on Defendant's part did not constitute the proximate cause of Plaintiff's claimed damages.

Plaintiff challenges the circuit court's determination that he could not prove his damages and argues that the court erred in finding that the decisions in *Scotchel I* and *Scotchel II* formed the law of the case with regard to the instant legal malpractice action. However, we do not need to review the circuit court's application of the law of the case doctrine here because of the nature of Plaintiff's legal malpractice claim.[12] We find that, contrary to Plaintiff's arguments, his claim involves alleged malpractice that occurred entirely in anticipation of or during litigation rather than in the performance of transactional work such as preparation of documents for business transactions. *Kay v. MaguireWoods, LLC*, 240 W. Va. 54, 60-61 and n.34, 807 S.E.2d 302, 308-09 and n.34 (2017); *Rubin Resources, Inc. v. Morris*, 237 W. Va. 370, 374, 787 S.E.2d 641, 645 (2016).

Plaintiff argues his legal malpractice claim is comprised of a transactional component, during which Defendant prepared the bankruptcy petition and its accompanying schedules, followed by a litigation phase. However, Plaintiff overlooks the fact that the purpose of preparing those documents was to initiate litigation before the bankruptcy court. Accordingly, as Plaintiff's legal malpractice claim is entirely litigation-based, our "case within a case" or "suit within a suit" approach to legal malpractice claims requires the reconstruction of Plaintiff's bankruptcy proceeding. *See Rubin Resources*, 237 W. Va. at 375, 787 S.E.2d at 646. As we have explained, "[i]n a legal malpractice action, there are two suits: the malpractice against the lawyer and the underlying suit for which the client originally sought legal services, which may be considered a 'suit within a suit.'" *McGuire v. Fitzsimmons*, 197 W. Va. 132, 135, 475 S.E.2d 132, 135 (1996); *see Calvert*, 214 W. Va. at 695, 619 S.E.2d at 208 (finding that "[a] plaintiff must establish not

---

[11]We note Defendant's argument that a reasonable jury could not have found in Plaintiff's favor with regard to his allegations of legal malpractice.

[12]We have held that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 4, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004) (quoting Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965)).

only his or her damages, but must additionally establish that, but for the negligence of the lawyer, he or she would not have suffered those damages").

In this case, the $690,000 fee from the Falls Case that the bankruptcy court ruled was included in the bankruptcy estate constitutes Plaintiff's claimed damages.[13] The decisions in *Scotchel I* and *Scotchel II* show that Defendant's alleged unprofessional acts and/or omissions had no effect as to whether the $690,000 was included in the bankruptcy estate. For example, Plaintiff argues that Defendant should have listed the Falls Case contingent fee agreement on Schedule G, instead of Schedules B and C, because Schedule G is the schedule for executory contracts. However, both the bankruptcy court in *Scotchel I* and the district court in *Scotchel II* found the fee agreement's status as an executory service contract (which Mr. Sheehan could not assume as Chapter 7 trustee pursuant to Title 11, Section 365 of the United States Code) was irrelevant to the inclusion of the $690,000 fee in the bankruptcy estate. As the bankruptcy court found, "whether a contingent fee contract is assumable under [Section] 365 has no bearing on whether a debtor's right to future payment under the contract is property of the estate." *Scotchel I*, 491 B.R. at 746 (internal quotations and citations omitted); *see Scotchel II*, 2014 WL 823379, at *5. Thus, pursuant to our "suit within a suit" approach to legal malpractice claims, we conclude that the rulings in *Scotchel I* and *Scotchel II* precluded Defendant (even if he committed legal malpractice) from having any liability in this case. *See Calvert*, 214 W. Va. at 685, 619 S.E.2d at 198, syl. pt. 4 (holding that, in a legal malpractice action, the plaintiff has the burden of proving both his loss and its causal connection to the defendant's professional malpractice). Therefore, in Appeal No. 20-0635, we conclude that the circuit court properly awarded Defendant summary judgment in its September 23, 2019, order and properly denied Plaintiff's later-filed motion to alter or amend the September 23, 2019, order.

We now address Defendant's appeal, in Appeal No. 21-0572, from the circuit court's June 25, 2021, order denying his motion for attorney's fees and costs. We have held that,

> "[a]s a general rule[,] each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement." Syllabus point 2, *Sally-Mike Properties v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986).

> "There is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as 'costs,' without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Syllabus point 3, *Sally-Mike Properties v. Yokum*, 179 W.Va. 48, 365

---

[13] Before the circuit court, in addition to the $690,000 fee, Plaintiff sought various, unspecified damages. However, "[w]here the alleged malpractice is loss of a claim, the former client's recovery against the former attorney properly is limited by the amount that would have been recovered from [the opposing party, i.e., in this case, the Chapter 7 trustee]." *Rubin Resources, Inc. v. Morris*, 237 W. Va. 370, 374-75, 787 S.E.2d 641, 645-46 (2016) (internal citations and quotations omitted).

S.E.2d 246 (1986).

Syl. Pts. 1 and 2, *Corp. of Harpers Ferry v. Taylor*, 227 W. Va. 501, 711 S.E.2d 571 (2011). "The decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." *Beto v. Stewart*, 213 W. Va. 355, 359, 582 S.E.2d 802, 806 (2003). We review factual findings for clear error. *See Sally-Mike Properties*, 179 W. Va. at 51, 365 S.E.2d at 249.

On appeal, the parties agree that no statutory or contractual authority existed in this case to award attorney's fees and costs to the prevailing party. Nevertheless, Defendant argues that the circuit court should have granted his motion for attorney's fees and costs because Plaintiff pursued his legal malpractice action in bad faith. Plaintiff counters that the circuit court properly found that he did not pursue his action in bad faith. Defendant argues that Plaintiff demonstrated his bad faith in pursuing his action by failing to retain an expert to support his legal malpractice claim. We find that the circuit court properly rejected Defendant's argument. As we have explained,

> [w]e have recognized the necessity of expert testimony in professional malpractice cases, and the well-settled exception to the rule that if the lack of professional skill is obvious, expert testimony is not needed. This point was succinctly stated in Syllabus Point 2 of *Howell v. Biggart*, 108 W.Va. 560, 152 S.E. 323 (1930): "It is the general rule that want of professional skill can be proved only by expert witnesses. However, cases may arise where there is such want of skill as to dispense with expert testimony." *See also Totten v. Adongay*, 175 W.Va. 634, 337 S.E.2d 2 (1985).

*First Nat'l Bank of Bluefield v. Crawford*, 182 W. Va. 107, 111 n.9, 386 S.E.2d 310, 314 n.9 (1989). More specifically, in *Sheetz, Inc. v. Bowles Rice McDavid Graff & Love, PLLC*, 209 W. Va. 318, 547 S.E.2d 256 (2001), we held that expert testimony is admissible in legal malpractice cases but declined to delineate "[the] specific parameters beyond the sound discretion of the court regarding the proper scope of expert testimony in the area of legal malpractice." *Id.* at 334, 337 S.E.2d at 272.

We have also rejected "[the] implication that frivolity alone will support a finding of bad faith," noting that "frivolity may be less a function of improper motive than of sheer incompetence." *Sally-Mike Properties*, 179 W. Va. at 51 n.3, 365 S.E.2d at 249 n.3 (quoting *Daily Gazette Co. v. Canady*, 175 W. Va. 249, 253, 332 S.E.2d 262, 266 (1985)).[14] Therefore, we concur with the circuit court's finding that, while a plaintiff might lose his legal malpractice action due to the lack of an expert opinion, the failure to retain an expert does not constitute "per se bad faith."

_____

[14] We decline Defendant's invitation to establish a standard for determining when frivolity—in a legal malpractice action, filed without the support of an expert opinion—would support the awarding of attorney's fees and costs. We note that we have previously stated that, "as the frivolousness of a claim or defense increases, the likelihood that it is being advanced for improper purposes increases." *Daily Gazette Co. v. Canady*, 175 W.Va. 249, 253, 332 S.E.2d 262, 266 (1985).

While Defendant further argues that Plaintiff (since his disbarment) has developed a pattern of filing civil actions of a questionable nature, we find that the circuit court properly determined that Plaintiff's unrelated civil actions were not relevant as to whether he acted in bad faith in this case. *See Taylor*, 227 W. Va. at 504-05, 711 S.E.2d at 574-75 (finding no abuse of discretion in an award of attorney's fees based upon prelitigation conduct *in the same case*); *Sally-Mike Properties*, 179 W. Va. at 51, 365 S.E.2d at 249 ("'Bad faith' may be found . . . *in conduct in connection with the litigation.*") (citing *Hall v. Cole*, 412 U.S. 1, 15 (1973)) (emphasis added). Therefore, we further find that the circuit court did not clearly err in determining that Plaintiff did not pursue the instant legal malpractice action in bad faith. Accordingly, in Appeal No. 21-0572, we conclude that the circuit court properly denied Defendant's motion for attorney's fees and costs.

For the foregoing reasons, in Appeal No. 20-0635, we affirm (1) the circuit court's September 23, 2019, order awarding summary judgment to Defendant; and (2) the circuit court's July 28, 2020, order denying Plaintiff's motion to alter or amend the September 23, 2019, order. In Appeal No. 21-0572, we affirm the circuit court's June 25, 2021, order denying Defendant's motion for attorney's fees and costs.

Affirmed.

**ISSUED:** August 30, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn