COLEMAN v GURWIN

Docket No. 94403. Argued May 5, 1993 (Calendar No. 13). Decided
    July 27, 1993.

    Carol D. Coleman, a resident of Washtenaw County, brought a
        legal malpractice action in the Wayne Circuit Court against
        E. Donald Gurwin, an attorney whom she consulted in Oak-
        land County. The plaintiff claimed that a letter from the
        defendant declining to represent her in a matter involving her
        discharge from employment with the Detroit Public Schools
        negligently provided erroneous advice regarding the applicable
        statute of limitations that induced her to forgo a meritorious
        action. The defendant moved for a change of venue on the
        ground that venue was improperly laid in Wayne County
        because the alleged legal malpractice occurred solely in Oak-
        land and Washtenaw Counties. The court, Robert J. Colombo,
        Jr., J., denied the defendant's motion, ruling that because the
        underlying wrongful discharge action arose in Wayne County
        and the defendant conducted business there, venue was
        properly laid. The Court of Appeals, FITZGERALD, P.J., and
        CAVANAGH and NEFF, JJ., affirmed in an opinion per curiam
        (Docket No. 132220). The defendant appeals.

        In a unanimous opinion by Justice RILEY, the Supreme Court
        held:

        Venue for a legal malpractice action resides in the county in
        which the alleged malpractice occurred and not the county in
        which an underlying legal action would have resided.

        1. Venue for a legal malpractice action is controlled by MCL
        600.1629(1)(a)(i); MSA 27A.1629(1)(a)(i), which provides for
        venue in a county in which all or a part of the cause of action
        arose and in which the defendant resides, has a place of
        business, or conducts business. In such an action, the plaintiff
        must prove an attorney-client relationship, negligence in the
        legal representation, that the negligence was a proximate cause
        of an injury, and the fact and extent of the injury. It must be

REFERENCES

Am Jur 2d, Venue §§ 36, 37.
Place where claim or cause of action "arose" under state venue
    statute. 53 ALR4th 1104.

shown that the plaintiff would have been successful in the underlying suit, but for the attorney's alleged malpractice.

2. The applicability of the "suit within a suit" concept is limited, however, to situations in which an attorney's negligence prevents a client from bringing suit, an attorney's failure to appear causes judgment to be entered against the client, or an attorney's negligence prevents an appeal from being perfected. The purpose of the requirement is to insure that the damages claimed are more than mere speculation.

3. A legal malpractice action arises solely in the county in which the allegedly negligent legal representation occurred. The "suit within a suit," however, is not a part of a legal malpractice action in and of itself, and may not direct its venue. Although evidence of an underlying suit may be necessary to prove proximate cause and damages, because legal malpractice is a separate cause of action, venue is determined by the location of the primary suit, i.e., where the alleged legal negligence occurred. A legal malpractice action and the litigation or representation from which it arose are distinct. In this case, venue in Wayne County was not proper. Although the underlying litigation would have occurred in Wayne County, not one of the parts of the cause of action for legal malpractice occurred there. The legal malpractice of the defendant is premised solely on the allegedly negligent advice given beyond the boundaries of Wayne County.

Reversed.

195 Mich App 8; 489 NW2d 118 (1992) reversed.

1. VENUE — LEGAL MALPRACTICE.

Venue for a legal malpractice action resides in the county in which the alleged malpractice occurred and not the county in which an underlying legal action would have resided (MCL 600.1629; MSA 27A.1629).

2. VENUE — LEGAL MALPRACTICE — "SUIT WITHIN A SUIT."

An underlying legal action, the "suit within a suit," is not a part of a legal malpractice action in and of itself and may not direct its venue (MCL 600.1629; MSA 27A.1629).

*E. Robert Blaske* for the plaintiff.

*Dana K. Wade* for the defendant.

RILEY, J. Because MCL 600.1629; MSA 27A.1629

provides that venue for a legal malpractice action resides in the county in which the alleged malpractice occurred and not the county in which an underlying legal action would have resided, we reverse the decision of the Court of Appeals.

I

On April 29, 1987, plaintiff Carol D. Coleman, a resident of Washtenaw County, was discharged from her employment with the Detroit Public Schools after twenty-three years of service. Plaintiff subsequently consulted with defendant E. Donald Gurwin, an attorney, for legal advice regarding a potential wrongful discharge action against the school system. After four meetings at his Oakland County office, defendant informed plaintiff by letter that he would not represent her in such a suit because he did not believe that her suit was meritorious.[1]

On May 9, 1990, plaintiff filed suit against defendant in Wayne Circuit Court, alleging legal malpractice. Plaintiff claimed that defendant's letter declining representation negligently provided erroneous advice regarding the applicable statute of limitations, thereby inducing her to forgo a meritorious wrongful discharge action until after the expiration of the period of limitation.

On June 29, 1990, defendant moved for a change of venue on the basis that venue was improperly laid in Wayne County. Defendant maintained that because the alleged legal malpractice occurred solely in Oakland and Washtenaw Counties that venue properly belonged in either of those counties. The trial court rejected the motion and ruled that because the underlying wrongful

---

[1] The letter was drafted and mailed from Oakland County to plaintiff's home in Washtenaw County.

discharge action arose in Wayne County[2] and defendant conducts business there, venue was properly laid. The Court of Appeals affirmed. 195 Mich App 8; 489 NW2d 118 (1992).

This Court granted leave to appeal.

## II

"In legal phraseology 'venue' means the county where a cause is to be tried, and originally a venue was employed to indicate the county from which the jury was to come." *Sullivan v Hall,* 86 Mich 7, 13; 48 NW 646 (1891). This Court has long recognized that the establishment of venue is properly within the Legislature's power. *Barnard v Hinkley,* 10 Mich 458, 459 (1862).

Because an action for legal malpractice is a tort, venue in the instant case is controlled by MCL 600.1629(1)(a)(i); MSA 27A.1629(1)(a)(i). The statute in pertinent part provides for venue in "[a] county in which all or a part of the cause of action arose and in which either . . . [t]he defendant resides, has a place of business, or conducts business in that county."[3] The primary foci of the statute are to ensure that venue "is proper where part or all of the cause of action arose," *Lorencz v Ford Motor Co,* 439 Mich 370, 377; 483 NW2d 844 (1992),[4] and "that the action be instituted in a county where the defendant has some real presence such as might be shown by systematic or continuous business dealings inside the county." *Marposs Corp v Autocam Corp,* 183 Mich App 166, 172; 454 NW2d 194 (1990).

---

[2] Detroit is located in Wayne County.

[3] See also *Lorencz v Ford Motor Co,* 439 Mich 370, 375; 483 NW2d 844 (1992) (holding that venue is proper in any county where part of the cause of action arose).

[4] See also 2 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed, 1992 Supp), p 20.

To determine whether the legal malpractice claim arose at least in part in Wayne County, the elements, i.e., the "parts," of the action must be examined. In an action for legal malpractice, the plaintiff has the burden of proving:

(1) the existence of an attorney-client relationship;

(2) negligence in the legal representation of the plaintiff;[5]

(3) that the negligence was a proximate cause of an injury;[6] and

(4) the fact and extent of the injury alleged. See, e.g., *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 690; 310 NW2d 26 (1981).

Hence, a plaintiff in a legal malpractice action must show that but for the attorney's alleged malpractice, he would have been successful in the underlying suit. Our Court of Appeals explained:

"The recovery sought is usually the value of the claim in suit in the proceeding in which the negligent act occurred, if the client was a plaintiff in that action, or, if he was a defendant, the amount

---

[5] The standard of care for an attorney was established in *Eggleston v Boardman,* 37 Mich 14, 16 (1877):

Whenever an attorney or solicitor is retained in a cause, it becomes his implied duty to use and exercise reasonable skill, care, discretion and judgment in the conduct and management thereof.

See also *Babbitt v Bumpus,* 73 Mich 331; 41 NW 417 (1889).

[6] It is well established that in Michigan the burden is on the plaintiff to establish only that the defendant's negligence is *a* proximate cause of the plaintiff's damages. [*Ignotov v Reiter,* 425 MICH 391, 400; 390 NW2d 614 (1986) (BOYLE, J., concurring). Emphasis in original. See also *id.* at 402, n 1 (RILEY, J., dissenting).]

of the judgment imposed upon him, and, in accordance with general rules as to proximate cause, it is generally held that before such recovery can be had the client must establish that, absent the act or omission complained of, the claim lost would have been recovered or the judgment suffered avoided. Accordingly, the client seeking recovery from his attorney is faced with the difficult task of proving two cases within a single proceeding." [*Basic Food, supra* at 691, quoting 45 ALR2d 5, § 2, p 10.][7]

However, this " 'suit within a suit' concept has vitality only in a limited number of situations, such as where an attorney's negligence prevents the client from bringing a cause of action (such as where he allows the statute of limitations to run), where the attorney's failure to appear causes judgment to be entered against his client or where the attorney's negligence prevents an appeal from being perfected." *Id.* at 693. This is so because the purpose of the "suit-within-a-suit requirement is to insure that the damages claimed to result from the attorney's negligence are more than mere speculation." *Charles Reinhart Co v Winiemko,* 196 Mich App 110, 115; 492 NW2d 505 (1992).

Plaintiff contends that because she must prove that her underlying wrongful discharge cause of action would have been successful to prevail in the instant suit, venue is proper in Wayne County

---

[7] See also 2 Mallen & Smith, Legal Malpractice (3d ed), § 27.8, p 646 ("The objective of the [suit within a suit] concept is to establish causation, i.e., that the attorney's negligence caused injury"). See also *Sherry v Diercks,* 29 Wash App 433, 437; 628 P2d 1336 (1981) ("To establish the element of proximate causation in a legal malpractice action based on the claim of an attorney's failure to defend, the client must establish in a 'suit within a suit' that if the action had been defrauded, the client would have prevailed or achieved a better result in that action"); *Lewandowski v Continental Casualty Co,* 88 Wis 2d 271, 277; 276 NW2d 284 (1979) ("The requirements of causation dictate that the merits of the malpractice action depend upon the merits of the original claim").

because that would have been the forum of the wrongful discharge action.[8] Defendant, on the other hand, maintains that no part of the legal malpractice claim arose in Wayne County because the attorney-client relationship was established in Oakland County, the attorney-client meetings occurred in Oakland County, the allegedly negligent advice was drafted and mailed in Oakland County and received in Washtenaw County, and plaintiff is a resident of Washtenaw County.[9]

A fundamental principle guiding this Court is that a clear and unambiguous statute leaves no room for judicial construction or interpretation. *People v Plumsted,* 2 Mich 465, 469 (1853). If, however, judicial interpretation is proper, then this Court must determine the Legislature's intent employing " 'a reasonable construction considering its purpose and the object sought to be accomplished.' Additionally, it is the primary objective in statutory interpretation and construction to effectuate legislative intent without harming the plain wording of the act." *Lorencz, supra* at 377 (citation omitted). Adherence to the language and legislative intent of a statute is essential to ensure that "courts . . . declare the sense of the law" and do not "exercise WILL instead of JUDGMENT . . . ." Hamilton, *The Federalist Papers,* No 78, Kramnick, ed (England: Penguin Books, 1987 [originally published in 1788]), p 440.

The statute at issue clearly and unambiguously indicates that venue rests for a tort action only in "[a] county in which all or a part of the cause of

---

[8] The Court of Appeals agreed: "In such cases, the underlying action constitutes at least a part of the cause of action for legal malpractice. Venue would therefore be proper in the county where the underlying action occurred . . . ." 195 Mich App 12.

[9] The second requirement of the statute, that the "defendant resides, has a place of business, or conducts business in that county" is uncontested because defendant admits performing legal services in Wayne County.

action arose . . . ."[10] The "suit within a suit," however, is not a part of a legal malpractice action in and of itself. A legal malpractice action and the litigation or representation from which it arose, of course, are distinct.[11] Nor is recovery in a particular venue necessary to a legal malpractice action, but rather that an underlying suit was meritorious. Although evidence of an underlying suit may be necessary to prove proximate cause and damages, because legal malpractice is a separate cause of action, venue is determined by the location of the primary suit, i.e., where the alleged legal negligence occurred. The venue of the "suit within a suit" is not a part of the legal malpractice cause of action, therefore, it may not direct the venue of the legal malpractice action. A legal malpractice action arises solely in the county where the allegedly negligent legal representation occurred. The Court of Appeals, therefore, erred by holding that the venue of the "suit within a suit" controls the venue of a legal malpractice claim.

Hence, in the instant case, venue in Wayne County is improper. Plaintiff, of course, may not sustain a cause of action for legal malpractice until she alleges all the elements of that tort. Plaintiff's allegations were: retaining the attorney to advise her about the conditions under which her employment was terminated, the attorney's allegedly negligent advice about both the Detroit Public Schools' potential liability and the statute of limitations, and the eventual running of the statute of limitations, which prevented her from bringing an action for wrongful discharge. Not one of the parts

---

[10] MCL 600.1629(1)(a); MSA 27A.1629(1)(a).

[11] In fact, because legal malpractice claims are distinct suits from the underlying cause of action, the nature and measure of damages may be different. *Lowan v Karp*, 190 Mich App 448, 452; 476 NW2d 428 (1991), quoting 2 Mallen & Smith, Legal Malpractice (3d ed), § 17.15, pp 58-59.

of the cause of action for legal malpractice occurred in Wayne County; the plaintiff retained the attorney in Oakland County, the advice was given in Oakland County and received in Washtenaw County, and the statute of limitations ran while the plaintiff lived in Washtenaw County. Plaintiff's action did not arise in whole or in part in Wayne County because defendant's alleged malpractice occurred outside of the county. Although the underlying litigation would have occurred in Wayne County, the actual suit at issue—the legal malpractice between plaintiff and defendant—is premised solely on allegedly negligent advice given on soil beyond the boundaries of Wayne County. The decision of the Court of Appeals, therefore, is reversed.

III

Because MCL 600.1629; MSA 27A.1629 provides that venue for a legal malpractice action resides in the county in which the alleged malpractice occurred and not the county in which an underlying legal action would have resided, we reverse the decision of the Court of Appeals.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, GRIFFIN, and MALLETT, JJ., concurred with RILEY, J.