# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 20, 2007

132174

Clifford W. Taylor,
*Chief Justice*

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
*Justices*

TRACI WEBBER, Personal
Representative of the Estate of
Janie L. Webber, Deceased,
   Plaintiff-Appellee,

v

             SC: 132174
             COA: 267582
             Oakland CC: 2003-055071-NM

GEORGE HILBORN, and
HILBORN & HILBORN, P.C.,
    Defendants-Appellants.

_____/

   On April 11, 2007, the Court heard oral argument on the application for leave to appeal the August 17, 2006 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the portion of the judgment of the Court of Appeals holding that the plaintiff adequately stated a prima facie case of legal malpractice, REINSTATE the order of the Oakland Circuit Court granting summary disposition to the defendants pursuant to MCR 2.116(C)(8), and REMAND this case to the trial court for a determination of whether further amendment of the complaint to allege proximate cause would be futile. MCR 2.116(I)(5). It is well established that in order to survive summary disposition of a legal malpractice claim, "a plaintiff 'must show that but for the attorney's alleged malpractice, he would have been successful in the underlying suit.'" *Charles Reinhart Co v Winiemko*, 444 Mich 579, 585-586 (1994), quoting *Coleman v Gurwin*, 443 Mich 59, 63 (1993). In this case, the plaintiff failed to allege any facts in either her original or her amended complaint showing that but for the defendants' negligence, she would have prevailed in the underlying suit. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.



   I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 20, 2007

_____
         Clerk

l0417