*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TWICE BAKED, LLC,

Plaintiff-Appellant,

v

No. 341378
Oakland Circuit Court
LC No. 2016-152735-CZ

KENNETH GROSS, THAV, GROSS,
STEINWAY & BENNETT, PC, doing business as
THAV GROSS, PC,

Defendants-Appellees.

UNPUBLISHED
February 26, 2019

Before: CAVANAGH, P.J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

In this legal malpractice action, plaintiff appeals as of right an order granting summary disposition in defendants' favor under MCR 2.116(C)(10). We affirm.

Plaintiff's claim arises from the legal representation provided by defendants in plaintiff's negotiations with JB Development. In 2009, Todd Turkin and his mother-in-law, Adele Rosen, opened Just Baked Bakeshop, LLC (Just Baked), in Livonia. Turkin's wife, Pam Turkin, created the recipes and baked the cupcakes. In the fall of 2009, Just Baked began to expand, and by the end of 2014, Just Baked had eight locations operated by licensees. Under the terms of the licensing agreement, the licensee was bound to buy cupcakes from Just Baked. Until 2015, when Just Baked stopped operating, Just Baked was the sole supplier of cupcakes and related supplies to all of the Just Baked licensed stores. In January 2015, Just Baked was no longer able to operate because of financial difficulties and the business closed down. Defendants assisted Turkin and Rosen in establishing a new business, Twice Baked, LLC (Twice Baked), which would allow Turkin to continue supplying cupcakes to the Just Baked licensees. Rosen is the only member of Twice Baked. Twice Baked supplied the licensees with cupcakes and supplies for the first half of 2015, but the licensees never signed a service agreement with Twice Baked.

In January 2015, Tubby's owners, Bill Kiryakoza and Robert Paganes, expressed interest in purchasing assets from Just Baked. Defendants assisted Twice Baked, Just Baked, Turkin, Pam, and Rosen in negotiations with Kiryakoza and Paganes for the sale of Just Baked to JB

Development, a company owned by Tubby's. The initial negotiations included a purchase agreement in which JB Development would purchase Just Baked, and a service mark licensing agreement in which JB development would license the rights to use the Just Baked name to Twice Baked. Turkin requested that defendant Gross include terms in the agreements which would obligate the Just Baked licensees to purchase their cupcakes and supplies exclusively from Twice Baked after the sale of Just Baked to JB Development. In June 2015, the following documents were entered into: a service mark purchase agreement in which JB Development purchased Just Baked, and a service mark licensing agreement in which JB Development licensed the right to use the Just Baked name to Twice Baked. The purchase agreement did not include terms that would require JB Development to obligate the Just Baked licensees to purchase exclusively from Twice Baked, and the Just Baked licensees were never required to sign a service licensing agreement that obligated them to purchase solely from Twice Baked. As a result, after the sale of Just Baked to JB Development, the Just Baked licensees refused to purchase from Twice Baked.

Thereafter, plaintiff filed this legal malpractice action based on defendants' failure to include contractual terms that would require JB Development to obligate the Just Baked licensees to purchase cupcakes and related supplies exclusively from plaintiff, Twice Baked. Eventually, defendants filed a motion for summary disposition under MCR 2.116(C)(10), asserting that plaintiff could not establish the element of causation because there was no evidence that JB Development would have agreed to the proposed contractual terms and there was no evidence that any Just Baked licensees would have agreed to, or been obligated to agree to, such terms. In support of their motion, defendants submitted the affidavits of Kiryakoza and a former Just Baked licensee, Bassam Shamon. The trial court agreed with defendants and granted their motion, dismissing this case. This appeal followed.

Plaintiff argues that the trial court erred in granting defendants' motion for summary disposition because a genuine issue of material fact existed regarding the element of causation. We disagree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). A motion for summary disposition under MCR 2.116(C)(10) challenges the "factual adequacy of a complaint on the basis of the entire record, including affidavits, depositions, admissions, or other documentary evidence." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A trial court's grant of summary disposition under MCR 2.116(C)(10) is proper when the evidence, "viewed in the light most favorable to the nonmoving party, show[s] that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey*, 500 Mich at 5. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Gorman*, 302 Mich App at 116 (citation omitted).

To establish a claim for legal malpractice, the plaintiff has the burden of proving all of the following elements: "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Charles Reinhart Co v Winiemko*, 444 Mich 579, 585-586; 513 NW2d 773 (1994), quoting *Coleman v Gurwin*, 443 Mich 59, 63; 503 NW2d

435 (1993). "[T]o prove proximate cause a plaintiff in a legal malpractice action must establish that the defendant's action was a cause in fact of the claimed injury." *Winiemko*, 444 Mich at 586. "[A] causation theory must have some basis in established fact. However, a basis in only slight evidence is not enough." *Pontiac Sch Dist v Miller, Canfield, Paddock & Stone*, 221 Mich App 602, 614; 563 NW2d 693 (1997) (citation omitted). "[T]he plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Id*. (citation omitted).

Plaintiff had the burden of establishing that a question of fact existed as to whether defendants' conduct was a proximate cause of an alleged injury. In other words, plaintiff needed to create a factual dispute regarding whether, but for defendants' failure to include the proposed contractual terms, plaintiff would have been the exclusive supplier of cupcakes and related supplies to the Just Baked licensees.

To support their motion for summary disposition, defendants presented evidence that plaintiff could not meet its burden because JB Development would not have agreed to enter into an agreement that required the licensees to purchase exclusively from plaintiff as a condition to using the Just Baked name. Defendants presented the affidavit of Kiryakoza, in which Kiryakoza asserted that JB Development would not have entered into an agreement which obligated the licensees to purchase cupcakes exclusively from plaintiff because the licensees would not have been party to such an agreement, and both JB Development and the Turkins were aware that the licensees were upset with the Turkins as a result of Just Baked going out of business. Although JB Development would not force the licensees to purchase from plaintiff as a condition of using the Just Baked name, Kiryakoza asserted that, during the negotiations with the Turkins, it was agreed that JB Development would give the Just Baked licensees the opportunity to enter into a licensing agreement in which plaintiff would become their sole supplier. Kiryakoza stated that JB Development did in fact offer the licensees that opportunity, but they refused to sign the agreement. Kiryakoza also asserted that the Just Baked licensees who he spoke to were adamant that they would not purchase from or do business with the Turkins in any fashion. Defendants also presented the affidavit of Shamon, a former Just Baked licensee, which supported defendants' contention that the licensees would not have agreed to sign a licensing agreement which required them to purchase solely from plaintiff. In Shamon's affidavit he asserted that, because of problems with Just Baked, he would rather give up the use of the Just Baked name than continue purchasing from the Turkins.

Plaintiff offered no evidence to counter defendants' evidence or any evidence establishing that the terms that plaintiff had requested would have been agreed to by either JB Development or the Just Baked licensees. The only evidence concerning this issue that plaintiff presented in the lower court was an email from Turkin to defendant Gross, in which Turkin expressed that he wanted plaintiff to remain the sole supplier of the Just Baked licensees after the sale. However, other than establishing that Turkin had clearly expressed his request to Gross, plaintiff provided no evidence to support that such terms would have ever been agreed to.

Plaintiff's primary argument on appeal is that defendants' evidence was speculative and insufficient to establish that the licensees would not have purchased from plaintiff if they had been required to as a condition of using the Just Baked name. Plaintiff asserts that the trial court erred in relying on the affidavit of Kiryakoza in granting defendants' motion because the

affidavit was insufficient; Kiryakoza did not purport to have personal knowledge of the information contained within the affidavit and he did not swear to the statements pursuant to MCR 2.119(B)(1)(a) and (c). Plaintiff's argument is without merit. Under MCR 2.119(B)(1)(a), an affidavit "must be made on personal knowledge," and under MCR 2.119(B)(1)(c), the affidavit must "show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts stated in the affidavit." However, plaintiff fails to acknowledge that, even though Kiryakoza's first affidavit was not in accordance with MCR 2.119(B)(1)(a) and (c), defendants timely submitted a second affidavit from Kiryakoza, which asserted the exact same information as the first, but it also included a statement by Kiryakoza that he had personal knowledge of the statements contained within, and that, if sworn as a witness, he could testify to the facts stated within the affidavit. Therefore, Kiryakoza's affidavit complied with MCR 2.119(B)(1)(a) and (c).

Plaintiff also asserts that Kiryakoza's statement that "[e]ach of the Just Baked franchisees I spoke to after the purchase of the Just Baked Mark by JB Development, were adamant that they would not purchase from or do business with the Turkins in any fashion," was hearsay, and therefore, could not support defendants' motion. Under MRE 801, hearsay is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Our Supreme Court has stated that "only evidence whose content or substance is admissible" may be considered by the reviewing court. *Maiden v Rozwood*, 461 Mich 109, 123, 124 n 6; 597 NW2d 817 (1999). If the contested portion of Kiryakoza's statement was offered to prove that the licensees would not have purchased from plaintiff, then the statement is hearsay. However, while the trial court did consider Kiryakoza's statement that the Just Baked licensees told him that they would not work with plaintiff, the trial court also considered Kiryakoza's statement that JB Development would not have agreed to enter into a contract that would have required the licensees to purchase solely from plaintiff as a condition of using the Just Baked name, which is admissible evidence. Furthermore, Kiryakoza's affidavit also included a statement made from personal knowledge that the licensees were offered the opportunity to enter into the licensing agreement with plaintiff, but they refused to sign it. Plaintiff offered no evidence to refute these statements. Therefore, because plaintiff failed to offer evidence that, but for defendants' negligence, plaintiff's injury would not have occurred, plaintiff failed to create a question of fact regarding whether defendants' conduct was the proximate cause of its injuries. See *Winiemko*, 444 Mich at 586.

Furthermore, although plaintiff's failure to create a question of fact as to the element of proximate cause was sufficient to grant summary disposition in favor of defendants, plaintiff also failed to present evidence creating a question of fact regarding whether plaintiff had suffered an injury as a result of defendants' negligence. Plaintiff provided no factual evidence to support its contention that profits were lost. Plaintiff's complaint only included general allegations that defendants' actions had caused plaintiff to lose profits, but no actual profits were mentioned. In opposition to defendants' motion for summary disposition, plaintiff asserted that Turkin had testified that plaintiff was making a net profit of $6,000 a month prior to the deal with JB Development. To support the claim that plaintiff was making $6,000 a month in net profit, plaintiff references Turkin's affidavit in which he asserted that plaintiff was selling the licensees approximately $50,000 worth of cupcakes and supplies in the months leading up to the sale of Just Baked. Plaintiff asserted that based on those sales, it was reasonable to conclude that plaintiff was making $6,000 a month in net profit. However, plaintiff's evidence does not

sustain plaintiff's contention. That is, plaintiff did not present any evidence to the trial court that showed an accounting which included sales, operating expenses, and taxes, and therefore, there was no evidence presented that actually established that plaintiff was making a profit in the months that it was supplying cupcakes and supplies to the Just Baked licensees. Additionally, during Turkin's deposition, he testified that the $6,000 a month did not include the taxes, and he also stated that he did not know what plaintiff's net profit had been. Furthermore, plaintiff's contention that, because plaintiff was doing $50,000 in sales it was reasonable to think that it made $6,000 in net profit, is mere speculation and not supported by any documentation. Therefore, plaintiff failed to present any factual evidence of damages, but rather, presented evidence that amounted only to speculation. See *Pontiac Sch Dist*, 221 Mich App at 614.

In conclusion, the trial court did not err in finding that there was no genuine issue of fact as to whether defendants proximately caused plaintiff an injury. Accordingly, the trial court properly granted defendants' motion for summary disposition.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ James Robert Redford