*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NOSAKHARE N. ONUMONU,

      Plaintiff-Appellant,

v

PETER J. ELLENSON, PC,

      Defendant-Appellee.

UNPUBLISHED
September 08, 2025
9:41 AM

No. 370176
Wayne Circuit Court
LC No. 23-007487-NM

Before: ACKERMAN, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116 (C)(8). We affirm.

## I. BACKGROUND

Plaintiff was convicted of murder and sentenced to life imprisonment without parole.[1] Plaintiff moved for relief from judgment, and the original trial judge, Judge Tracy Green, entered an inconsistent order in which the court granted plaintiff's motion for relief from judgment while ordering an evidentiary hearing to determine whether plaintiff was entitled to a new trial. Plaintiff, appearing *in propria persona*, moved for reconsideration of this order, asking the court to clarify that it ordered a new trial. While that motion was pending, Judge Green was placed on administrative leave, and her docket duties were transferred to Judge William Giovan. Before Judge Giovan ruled on plaintiff's motion for reconsideration, defendant was appointed as plaintiff's counsel. At the first hearing in which defendant represented plaintiff, which took place on June 29, 2022, Judge Giovan agreed with plaintiff that Judge Green's order was inconsistent, and decided to email Judge Green for clarification. When Judge Giovan had not heard from Judge Green after one month, he held a second hearing on July 27, 2022, which plaintiff did not attend. At this hearing, Judge Giovan ruled that Judge Green's order intended to grant plaintiff an

---

[1] *People v Onumonu*, unpublished per curiam opinion of the Court of Appeals, issued July 13, 2017 (Docket No. 329100) (*Onumonu I*), p 1.

evidentiary hearing, not a new trial. Defendant informed plaintiff of his intent to withdraw as plaintiff's counsel shortly thereafter. A few months later, Judge Green responded to Judge Giovan's email, stating that she intended to grant plaintiff a new trial, and defendant forwarded this email to plaintiff, despite having already moved to withdraw as plaintiff's counsel. Defendant's stated to plaintiff that he did not intend to communicate Judge Green's email to anyone else, and his motion to withdraw as plaintiff's counsel was eventually granted.

Plaintiff later filed the complaint giving rise to the instant action in which he alleged that defendant's conduct while representing plaintiff violated the "Ku Klux Klan Act," and that defendant committed legal malpractice. In lieu of an answer, defendant moved for summary disposition, seeking to dismiss plaintiff's complaint entirely. Following a hearing on defendant's motion, the trial court dismissed plaintiff's claim under the Ku Klux Klan Act but allowed plaintiff to amend his legal-malpractice claim. Plaintiff then filed an amended complaint, again alleging that defendant violated the Ku Klux Klan Act and committed legal malpractice. Defendant again moved for summary disposition, this time under only MCR 2.116(C)(8). Following a hearing, the trial court granted defendant's motion.[2]

This appeal followed.

## II. STANDARD OF REVIEW

At issue in this appeal is the trial court's decision to grant defendant's motion for summary disposition under MCR 2.116(C)(8). Such a decision is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A (C)(8) motion tests the legal sufficiency of a claim on the basis of the factual allegations in the complaint. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden*, 461 Mich at 119. "However, the mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *Black v Cook*, 346 Mich App 121, 129; 11 NW3d 563 (2023). A (C)(8) motion is properly granted "when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160.

## III. KU KLUX KLAN ACT

Plaintiff first argues that he properly pleaded a cause of action under the Ku Klux Klan Act, so the trial court erred by dismissing his claim.

In plaintiff's amended complaint, he cited to 42 USC 1983 as the statutory basis for his cause of action against defendant under the Ku Klux Klan Act. To state a cause of action under 42 USC 1983, the plaintiff must allege, among other things, that the defendant acted "under color

---

[2] Plaintiff failed to provide this Court with a copy of either transcript of the relevant hearings below in violation of MCR 7.210(B)(1), so we do not have the benefit of the trial court's reasoning on appeal. That said, because defendant moved for summary disposition under MCR 2.116(C)(8) and such a motion considers only the pleadings, we believe that we can reasonably resolve plaintiff's appellate arguments without the transcripts of the relevant hearings.

of state law." *Moore v Detroit Entertainment, LLC*, 279 Mich App 195, 202; 755 NW2d 686 (2008). A private actor can act under the color of state law if the private actor's "conduct is fairly attributable to the state." *Id*. at 203 (quotation marks and citation omitted). Plaintiff here did not state a claim under 42 USC 1983 because, if for no other reason, he never alleged that defendant acted under color of state law.

Based on the allegations in plaintiff's complaint, however, it is apparent that plaintiff intended to bring a cause of action not under 42 USC 1983 but under 42 USC 1985(3). To state a cause of action under 42 USC 1985(3),

> a complaint must allege that the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States." [*Griffin v Breckenridge*, 403 US 88, 102-103; 91 S Ct 1790; 29 L Ed 2d 338 (1971), quoting 42 USC 1985(3).]

"The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 US at 102.

While plaintiff's meandering amended complaint is difficult to follow, he alleges, in essence, that defendant conspired with the prosecutor and Judge Giovan to deprive plaintiff of the new trial to which he was entitled on the basis of Judge Green's inconsistent order. But nowhere does plaintiff's amended complaint allege that this purported conspiracy was animated by discriminatory animus. Instead, the amended complaint alleges that the motivation behind this supposed conspiracy was "to avoid the possibility of bad press or political complications"; "to maintain the illegal and unlawful incarceration of Plaintiff"; and so that the prosecutor "could gain a second opportunity to relitigate the already adjudicated procedures in MCR 6.505-6.508(E)," which was again motivated by a desire "to avoid the possibility of 'Bad Press or Political Complications['] that would occur with the Plaintiff's exoneration." While the amended complaint mentions race, it merely alleges that defendant, the prosecutor, and Judge Giovan are white, and plaintiff is black. Nowhere does the amended complaint allege a racial animus behind the alleged conspirators' actions. Without such allegations, there is no amount of factual development that could justify recovery under 42 USC 1985(3), so the amended complaint fails to state a claim under that statute. See *Griffin*, 403 US at 102.

But that is not the only defect in plaintiff's claim under 42 USC 1985(3) in his amended complaint—the complaint also fails to sufficiently allege the existence of a conspiracy. A conspiracy is a combination of two or more persons acting in concert "to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Swain v Morse*, 332 Mich App 510, 530; 957 NW2d 396 (2020) (quotation marks and citation omitted). Plaintiff's amended complaint merely makes conclusory legal assertions, unsupported by allegations of fact, to support his claim that the prosecutor and defendant conspired to deprive

plaintiff of the new trial to which he was entitled. Such allegations "will not suffice to state a cause of action." *Black*, 346 Mich App at 129. Plaintiff's amended complaint also fails to allege an overt act in furtherance of the conspiracy, which is required to state a claim under 42 USC 1985(3). See *Mitchell v Cole*, 176 Mich App 200, 210; 439 NW2d 319 (1989); *Griffin*, 403 US at 102-103.[3]

For all these reasons, plaintiff failed to plead an actionable claim under 42 USC 1985(3), so the trial court properly granted summary disposition in favor of defendant under MCR 2.116(C)(8). See *Maiden*, 461 Mich at 119-120.

## IV. LEGAL MALPRACTICE

Plaintiff next argues that he properly pleaded a claim of legal malpractice, so the trial court erred by dismissing his legal-malpractice claim.

To establish a legal-malpractice claim, the plaintiff must prove (1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that this negligence caused injury to the plaintiff; and (4) the fact and extent of the plaintiff's injury. *Coleman v Gurwin*, 443 Mich 59, 63; 503 NW2d 435 (1993). The parties do not dispute that there existed an attorney-client relationship between plaintiff and defendant, and it follows that defendant owed plaintiff a duty "to use reasonable skill, care, discretion and judgment in representing" plaintiff. *Simko v Blake*, 448 Mich 648, 656; 532 NW2d 842 (1995). An unfavorable result alone is not evidence of negligent representation, and so long as "an attorney acts in good faith and in honest belief" that his actions are based in law and in the interest of the client, "mere errors in judgment" will not sustain a malpractice claim. *Id*. at 657-658. The causation element of a legal-malpractice claim requires a plaintiff to prove that the defendant was both a legal cause and a cause in fact of the plaintiff's claimed injury. *Charles Reinhart Co v Winiemko*, 444 Mich 579, 586; 513 NW2d 773 (1994). This is "[o]ften the most troublesome element of a legal malpractice action" because it requires "proving two cases within a single hearing"—the plaintiff must prove both that the alleged negligence caused the plaintiff's injury in the malpractice action and that, but for the defendant's negligence, the plaintiff would have prevailed in the underlying action. *Id*. (quotation marks and citation omitted).

As with the last count, plaintiff's amended complaint is difficult to follow on this count, but as best we can tell, he alleges that defendant was negligent in his representation of plaintiff at the July 27, 2022 hearing because (1) defendant represented plaintiff at the hearing despite plaintiff telling defendant that he wanted to proceed *in propria persona* and (2) defendant stated at the hearing that Judge Green "sounded like she was granting [plaintiff] a new trial, but then said

---

[3] To the extent that plaintiff's amended complaint alleges that defendant did anything that had the effect of furthering the purported conspiracy, it states only that "the Defendant's gross negligence help[ed]" the prosecutor carry out her supposed plan. Accepting this allegation as true, it establishes that defendant was not acting in concert with the prosecutor with the intent of accomplishing an unlawful purpose, and was thus not part of a conspiracy. See *Swain*, 332 Mich App at 530.

evidentiary hearing, also." Plaintiff contends that this latter statement was negligent because defendant knew that plaintiff was seeking a new trial. As far as causation is concerned, plaintiff's amended complaint alleges that defendant's supposedly-negligent actions caused the trial court to not grant plaintiff a new trial because, had plaintiff been present at this hearing and defendant not made his contested statements, plaintiff would have been granted the new trial he wanted. This assertion, according to plaintiff, is supported by the email that Judge Green sent after the July 27, 2022 hearing, in which she stated that her inconsistent order was intended to grant plaintiff a new trial.

We first question whether defendant's statements at the July 27, 2022 hearing were negligent. Plaintiff's amended complaint states that Judge Green's order both ordered a new trial for plaintiff and stated that it was granting plaintiff an evidentiary hearing to determine whether to grant a new trial. Defendant's statements at the July 27, 2022 hearing correctly reflected this—he said that Judge Green's order both granted a new trial and ordered an evidentiary hearing. We see no basis to conclude that defendant was negligent for making true statements to the court, especially when the statements merely repeated a finding that Judge Giovan made at the prior hearing—that Judge Green's order was inconsistent.

Regardless, assuming for the sake of argument that defendant was negligent for representing plaintiff at the July 27, 2022 hearing and making the arguments that he did at that hearing, plaintiff's amended complaint fails to properly explain how either of these negligent acts caused the trial court to order an evidentiary hearing instead of granting plaintiff a new trial. Plaintiff's amended complaint recounts that, at a June 29, 2022 hearing, plaintiff argued that Judge Green actually ordered a new trial, and Judge Giovan agreed that Judge Green's order was inconsistent, so he decided to email Judge Green, asking her to clarify the order. But, when Judge Green had not responded after a month, Judge Giovan held the July 27, 2022 hearing, at which he ruled that he was ordering an evidentiary hearing. Plaintiff's amended complaint does not allege that defendant agreed with this relief—the complaint alleges that Judge Giovan used (and, in plaintiff's telling, abused) his discretion when making this ruling. Nor does plaintiff's amended complaint explain how plaintiff's being at this hearing, or how defendant not saying what he did at the hearing, would have resulted in Judge Giovan ordering a new trial instead of an evidentiary hearing. Plaintiff does not identify any argument that he or defendant could have made—or any other action either of them could have taken—that would have likely resulted in a different outcome. Plaintiff instead alleges, in conclusory fashion, that if he had been present at the July 27, 2022 hearing and defendant had not made the arguments that he did, then plaintiff would have been granted a new trial. Mere "conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *Black*, 346 Mich App at 129.[4] Therefore, even accepting all of the

---

[4] Plaintiff also seems to suggest that defendant was negligent because, after the July 27, 2022 hearing, he told plaintiff that he intended to withdraw as plaintiff's counsel, then later forwarded plaintiff the email from Judge Green in which she stated that she intended to grant plaintiff a new trial, and told plaintiff that he did "not intend to communicate with any one on this." But nowhere does plaintiff's amended complaint allege that this supposedly-negligent conduct caused plaintiff to be granted an evidentiary hearing instead of a new trial. This is presumably due to the fact that,

allegations in plaintiff's complaint as true, plaintiff's amended complaint failed to state a claim of legal malpractice, so the trial court properly granted defendant's motion for summary disposition under MCR 2.116(C)(8).

Affirmed.

/s/ Matthew S. Ackerman
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien

---

by the time Judge Green sent her email, Judge Giovan had already ruled that plaintiff was only entitled to an evidentiary hearing.